IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARQUEZ CORNELIUS VAUGHN, | ) | |
| #293 183, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-800-WHA-SRW |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a 42 U.S.C. § 1983 Complaint filed by Marquez Vaughn, an inmate incarcerated at the St. Clair Correctional Facility located in Springville, Alabama. Vaughn alleges a violation of his Eighth Amendment right to be free from abuse. The named defendants are the Alabama Department of Corrections and Officer Matthew Cooke. Vaughn requests injunctive relief and damages. Upon review, the Court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I.    STANDARD OF REVIEW**

Because Vaughn is proceeding *in forma pauperis*, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B), a court must dismiss a complaint

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v.*

*Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated on other grounds by Sconiers v. Lockhart*, 946 F.3d 1256 (11th Cir. 2020). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).

## II.   DISCUSSION

Vaughn asserts that, during his incarceration at the Easterling Correctional Facility

in November 2019,[2] Officer Cooke conducted a routine search of him and his personal property. Officer Cooke, Vaughn claims, touched him inappropriately while conducting the search by "patting [him] on the buttocks and calling [him] a cupcake." Vaughn informed several prison officials about the incident, including a prison investigator whom Vaughn indicates personally knew Officer Cooke. The investigator told Vaughn that he believed Officer Cooke "meant no harm." Vaughn was never contacted by prison officials after he informed them of the incident and states that he never received any counseling. Vaughn no longer feels comfortable being patted down or strip searched. Doc. 1 at 5.

### A. The Alabama Department of Corrections

Vaughn names the Alabama Department of Corrections as a defendant. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38,

---

2 According to the Complaint, the challenged incident occurred between November 3 and 17, 2019. Doc. 1 at 5.

>179 L.Ed.2d 675 (2011).  "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).  "Waiver may not be implied." *Id*.  Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015).  Thus, neither the State of Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

>Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).  Consequently, any claims lodged against the Alabama Department of Corrections are frivolous and due to be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    The Eighth Amendment Claim**

Vaugh alleges that Officer Cooke subjected him to sexual abuse during a strip search

5

when the guard patted him on the buttocks and called him a cupcake. The Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by a prison official" can violate the Constitution. *Boxer X,* 437 F.3d at 1111. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992).

While the Eleventh Circuit's decision in *Boxer X* determined that the inmate's claims of sexual abuse were not "actionable" because he did not suffer "more than *de minimis* injury," 437 F.3d at 1111, in *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court clarified that the purpose of *Hudson* was to "shift the 'core judicial inquiry' from the extent of the injury to the nature of the force—specifically, whether [the force] was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" *Id*. 559 U.S. at 39 (quoting *Hudson*, 503 U.S. at 7). The Court explained that the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether a "significant injury" occurred. *Wilkins*, 559 U.S. at 37. Thus, while the holding in *Boxer X* that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment" remains unchanged, the Eleventh Circuit recently determined that the lack of a serious physical injury could no longer defeat an Eighth Amendment sexual abuse claim based upon the Court's decision in *Wilkins*. *Sconiers*, 946 F.3d at 1267. Therefore, if a prisoner can show a prison official sadistically and maliciously subjected him to sexual abuse, the objective element of an Eighth Amendment claim is satisfied despite a lack of a

serious physical injury. *Id*.

In this case, Vaughn maintains that Officer Cooke subjected him to sexual abuse when the guard patted him on the buttocks during a search and called him a cupcake. While the conduct alleged was inappropriate and unprofessional, the actions described by Vaughn fail to rise to the level of an Eighth Amendment violation because they do not reflect either severe or repeated sexual abuse. *See Marks v. Keeton*, No. 2:13-cv-620-WHA, 2013 WL 5934005, at *1 (M.D. Ala. Sept. 10, 2013) (finding that three separate and isolated incidents of officer touching inmate's private parts were not severe or repetitive sexual abuse); *Weeks v. Grady*, No. 1:18-cv-1373-SDG-JKL, 2020 WL 6336186, at *4 (N.D. Ga. Oct. 29, 2020) (finding a singular incident in which a jail deputy conducted a seemingly unnecessary strip search was neither severe nor repetitive sexual abuse); *Woodard v. Eastberg*, No. 4:20-cv-216-TKW-HTC, 2020 WL 4573371, at *3 (N.D. Fla. July 10, 2020) (finding that "isolated episodes of harassment and touching, even where it involves a sexual touch, do not rise to the level of an Eighth Amendment claim") (quotation marks and citation omitted); *see also Boddie,* 105 F.3d at 861 (holding that a few incidents involving verbal harassment, touching, and pressing without consent are not sufficiently serious to constitute an Eighth Amendment violation); *Berryhill v. Schriro*, 137 F.3d 1073, 1076–77 (8th Cir. 1998) (holding an inmate's allegation of "a brief touch to his buttocks last[ing] mere seconds," during a pat-down search, which was unaccompanied by "sexual comments or banter" did not satisfy objective component of Eighth Amendment claim).

Based on the foregoing, the Court concludes that Vaughn's claim of sexual abuse does not rise to the level of an Eighth Amendment violation. It therefore provides no basis for relief in this 42 U.S.C. § 1983 action and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is ORDERED that objections to the Recommendation may be filed **on January 5, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790,

794 (11th Cir. 1989).

    DONE, on this the 21st day of December, 2021.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge